NO. 07-05-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2005

_____

JULIO HERNANDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-04H-113; HONORABLE ROLAND SAUL, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Julio Hernandez, Jr. was convicted of possession of marihuana and sentenced to two years confinement and a $1,500 fine. The confinement was suspended in favor of four years of community supervision. After a hearing on the State's motion to revoke, the trial court revoked appellant's community

supervision and assessed the original punishment.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant did not file a response.  Neither did the State favor us with a brief.

The State filed a motion to revoke appellant's community supervision alleging that on November 10, 2004, appellant hit his ex-girlfriend with his fist causing her bodily injury and violating the terms of a protective order.  The State further alleged that a few days later on November 14, 2004, appellant struck his ex-girlfriend with a tire iron also causing bodily injury. At the revocation hearing, appellant pled not true to the violations, and after hearing

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

the evidence, the court concluded he had violated the terms of community supervision. The court immediately revoked the order of community supervision and imposed the original sentence of two years confinement.

By his *Anders* brief, counsel does not advance any arguable grounds for appeal. Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient ground for revocation will support the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980).

Here, appellant's ex-girlfriend testified to appellant's violent behavior, and several photographs were admitted as evidence of her injuries. The trial judge was the exclusive judge of the credibility of the witness and the weight to be given to her testimony. Mattias v. State, 731 S.W.2d 936, 940 (Tex.Cr.App. 1987). Based on the evidence presented, we do not find the court's conclusion that appellant committed the alleged violations to be an abuse of discretion.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d

503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.